CUMBERLAND COUNTY

BUSINESS AND CONSUMER COURT
BCD-CV-12-60

STATE OF MAINE DEPARTMENT OF
HEALTH AND HUMAN SERVICES,

      Petitioner,

v.

**ORDER ON EMERGENCY RECEIVER'S MOTION
FOR APPROVAL OF PROPOSED DISTRIBUTION
OF SALES PROCEEDS WITH NOTICE TO
INTERESTED PARTIES AND CREDITORS**

ELRCARE, LLC,

      Respondent

This matter came before the Court for hearing on September 4, 2018. The Department of

Health and Human Services (DHHS) is represented by Assistant Attorney General Halliday

Moncure. Emergency Receiver Michael Tyler is represented by Attorneys Kevin Broder,

Zachary Brandwein and Rachael Becker McEntee. Maine Revenue Services (MRS) is

represented by Assistant Attorney General Kevin Crossman. Betlins is represented by Attorney

Richard Silver.

After hearing, the Court reviewed the multiple Orders that have been issued in this case

by more than one jurist, has considered the parties' written filings in support and in opposition to

the pending Motion, and issues the following Order granting the Motion in part.

The only entity objecting to this Emergency Receiver's Motion is Betlins which was the

previous owner of two of the facilities in this Receivership, Penobscot Nursing Home and

Northern Bay Residential Living Center. The real property related to these facilities was sold in 2006 to Sifwat Real Estate, LLC and Abdul Rehman and Razia Rehman. The sale was financed through a note secured by a mortgage to Betlins. The buyers created ELRCare as the entity that would operate the facilities. The owners leased the property to ELRCare and paid monthly rent to Betlins in the amount of $14,773.21 which was to be applied to the mortgage obligation. ELRCare was to pay the real estate taxes. This arrangement began in 2006 and continued for a significant period of time under more than one Receiver, and these Receivers paid this rent to Betlins. These facts are set out in Betlin's Objection, and the Court believes that they are uncontested.

In its Objection, Betlins clarifies that it is not seeking reimbursement for pre-receivership defaults under the notes and mortgage, but instead "only seeks to be paid from the rent defaults of the receiver and the real estate taxes paid by Betlins due to the default of the reciever" which it claims amounts to $272,293.57. $236,371.36 of that amount is for rent due to Betlins between September 2013 to June of 2017 when the facilities were sold, and $35,992.21 is for real estate taxes Betlins paid during that same period.

The parties seem to recognize that there is little clear statutory guidance or case law governing the claim made here by Betlins which is essentially that these payments are in the nature of an administrative cost of the operation of the facilities. The Court would note that Betlins did initiate foreclosure proceedings to collect monies owed pre-receivership, but those proceedings were stayed as part of this receivership in order to keep the facilities running as best they could for the benefit of the residents.

The Court is not persuaded that its decision should be based on bankruptcy law, or even that it should apply analagous principles. As DHHS and MRS point out, this is a State

2

receivership which is governed by Maine law. That law does permit the Court to apply equitable principles, which is what the Court will attempt to do here.

Clearly, the residents in these facilities were benefited by the payment of the real estate taxes by Betlins, and by the relief resulting to the receivership from no rent being paid to Betlins for a period of time, even though rent payments had apparently been made to Betlins by receivers at other times. However, Betlins' claim for the full amount it believes it is owed fails to recognize that DHHS, in particular, is receiving only a fraction of the full payment owed to it. DHHS is owed over four million dollars which was secured with liens that it has now released to allow this proposal to be effectuated. In addition, pursuant to a Memorandum of Understanding with Maine Revenue Services, DHHS has agreed to subordinate all its now unsecured claims in favor of MRS.

The Court concludes that it is fair and equitable that Betlins receive a fraction of what it claims, and the Court will order that it be paid $35,992.21 for the real estate taxes it paid during the period at issue.

The entry will be: The Motion for Approval of Distribution of Sales Proceeds is GRANTED IN PART. $35,992.21 of the sales proceeds will be paid to Betlins after other receivership expenses are paid, with the balance remaining paid to Maine Revenue Services. The Receiver shall file a final accounting of the ELRCare proceeds. The Receiver shall file a revised proposed Order more specifically setting out the amount to be paid to Maine Revenue Services.

9/21/18

**DATE**

**SUPERIOR COURT JUSTICE**
**BUSINESS AND CONSUMER COURT**

Entered on the Docket: 9/21/18
Copies sent via Mail___ Electronically✓

3